# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JAMES GARNER and DEBRA GARNER, Individually and as Husband and Wife, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO. 1:09-CV-175 ) |
| BRIAN ACRISH, et al., | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This case was removed to this Court from the Allen Superior Court in Allen County, Indiana, by Defendants based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Notice of Removal alleges that Plaintiffs James Garner and Debra Garner are residents and citizens of the state of Indiana. (Notice of Removal ¶ 2.) It further alleges that Defendant "Brian Acrish is a resident and citizen of the State of Ohio and Douglas Highley, III Sons Towing, Hauling & Salvage, LLC, Doug Highley III Sons Towing, Hauling & Salvage, LLC and Douglas Highley d/b/a III Sons Towing, Hauling & Salvage, LLC are corporations incorporated in the State of Ohio and with their principal places of business located in the State of Ohio." (Notice of Removal ¶ 2.)

Defendants' Notice of Removal, however, is inadequate. For purposes of diversity jurisdiction, "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. And in this instance, the citizenship of several of the Defendants is not properly alleged.

Therefore, the Court must be advised of each party's citizenship. As to Defendant

Douglas Highley, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993). The Notice of Removal is inadequate in part because it omits any allegations with respect to Defendant Douglas Highley's citizenship.

As to the Defendants which are LLCs, (*i.e.* III Sons Towing, Hauling & Salvage, LLC, and Doug Highley III Sons Towing, Hauling & Salvage, LLC), a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of all the members of each Defendant LLC to ensure that none of their members share a common citizenship with the Plaintiffs. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of each LLC who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, Defendants are ORDERED to supplement the record forthwith as to the citizenship of Douglas Highley and the Defendant LLCs, tracing the citizenship of all unincorporated associations through all applicable layers of ownership.[1]

SO ORDERED.

Enter for this 25th day of June, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[1] The Complaint and Notice of Removal are drafted in such a manner that it is unclear whether Douglas Highley individually is a defendant. The Defendants are to clarify that status with their supplement to the record.